**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PAUL EMMANUEL, INDIVIDUALLY** | § | |
| **AND AS NEXT FRIEND OF DP, KP,** | § | |
| **PP and OP, HIS MINOR CHILDREN,** | § | |
| **And THEODORA PAUL** | § | |
| *Plaintiffs* | § | |
| | § | **PLAINTIFFS DEMAND TRIAL** |
| **AND** | § | **BY JURY** |
| | § | |
| **SKYWEST AIRLINES, INC.,** | § | |
| **d/b/a DELTA CONNECTION, and** | § | |
| **KLM AIRLINES d/b/A** | § | |
| **DELTA AIRLINES, and** | § | |
| **INTERNATIONAL TRAVEL** | § | |
| **NETWORK LLC.** | § | |
| *Defendants* | § | |

## ORIGINAL COMPLAINT

Plaintiffs, Paul Emmanuel, Theodora Paul, Darren Paul, Keyla Paul, Paula Paul and Ocholohi Paul

("Plaintiffs") by their attorneys file this Complaint against Defendants, Skywest Airline, Inc. d/b/a

Delta Connection, KLM Airlines d/b/a Delta Airlines and ITN Corp. ("Defendant") and alleges as

follows:

### I.  NATURE OF THE ACTION

1. Plaintiffs are seeking damages for the losses incurred by them as a result of the negligence
   of the Defendants, and for Defendants' misrepresentations and unfair trade practices; and
   for the refund of the amount paid for the purchase of their air fare tickets.

2. On or about December 21, 2022, Plaintiff, Paul Emmanuel purchased flight tickets for
   himself, his wife, Theodora Paul, and his minor children, DP, KP, PP and OP, for a family
   vacation to Nigeria from December 23, 2022. Plaintiffs planned to spend the Christmas
   holidays and New Year celebrations with their extended family members in Nigeria, and
   attend some other important family events. These plans were not only made impossible,

Complaint – Jury Trial Demanded                                                                    1

but Plaintiffs were treated with disregard by the Defendants.

3. As a result of multiple cancellations, Plaintiffs could not embark on their planned family trip.

4. This action is brought under the Unification of Certain Rules for International Carriage by Air, signed at Montreal, Canada on May 28, 1999 (hereinafter "the Montreal Convention"), against Defendants seeking damages for their losses.

5. Plaintiffs are also seeking a full refund of the ticket purchase price.

## II. <u>PARTIES</u>

6. Plaintiffs, Paul Emmanuel, Theodora Paul, and their minor children DP, KP, PP and OP, are residents of Harris, county, Texas.

7. Defendant, Skywest Airlines, Inc. d/b/a Delta Connection (hereafter "Skywest"), is a foreign company incorporated in the State of Utah with its principal place of business at 444 South River Road Street, George, UT 84790; doing business in Texas. Skywest may be served with process through its registered agent, Corporate Creations Network Inc., 169 W. 2710 S. Circle Suite 202-A, Saint George, UT 84790.

8. Defendant, International Travel Network, LLC (hereafter "ITN"), is a Delaware corporation with its principal place of business at 1000 N. West Street, Suite 1200, Wilmington, DE 1980; doing business in Texas. ITN Corp may be served with process through its registered agent, Delaware Business Incorporators, Inc. 3422 Old Capitol Trl. Ste. 700, Wilmington, DE 19808.

9. Defendant, Delta Airlines, Inc., issued flight tickets to Plaintiffs, Paul Emmanuel, his wife, Theodora Paul, and their minor children, DP, KP, PP and OP, to travel on Delta Flights DL 3575, operated by Skywest DBA Delta Connection, from Washington, DC to Detroit, MI;

KLM flights KL 6034, operated by Delta Air Lines, from Detroit, MI to Amsterdam, Netherlands; and KLM Flight KL 587, from Amsterdam, Netherlands to Lagos, Nigeria, and a similar route back.

10. Defendant, KLM Airlines d/b/a Delta Airlines, (hereafter "KLM") is a foreign company headquartered in Amstelveen, Netherlands, with its head office at 1117 ZL Schiphol, The Netherlands. KLM is engaged in business in United States through its d/b/a Delta Air Lines, Inc., a Delaware company; doing business in Texas. KLM and Delta Airlines may be served through their registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

### III. JURISDICTION AND VENUE

11. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 on the basis of a federal question under the Montreal Convention for the Unification of Certain Rules for International Carriage by Air of 1999 (commonly known as "the Montreal Convention"), an international treaty to which the United States is a signatory.

12. This Honorable court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of this forum by conducting substantial business within the State of Texas, such that Defendants have significant, continuous, and persuasive contacts with the State of Texas.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District, Plaintiffs purchased the flight tickets in this District, Defendants maintain offices and/or conduct substantial business in this District, and Plaintiffs reside in this District.

## IV. FACTUAL ALLEGATIONS

14. On or about December 21, 2022, Plaintiff, Emmanuel Paul, purchased airline tickets for himself and his family members for a round-trip family vacation to Nigeria. Based on the itinerary, Plaintiffs were to depart on December 23, 2022, from Washington, DC Airport (IAD) to Detroit, MI (DTW); Detroit, MI (DTW) to Amsterdam, Netherlands (AMS); and Amsterdam, Netherlands (AMS) to Lagos, Nigeria (LOS). Plaintiffs' itinerary further shows a reverse return route. A true and correct copy of Plaintiffs itinerary is attached as Exhibit "A."

15. On the said travel date, Plaintiffs checked-in twelve (12) suitcases through Delta Airlines in IAD. Rather than Plaintiff flying from IAD to DTW, Defendants unilaterally changed Plaintiffs' itinerary from IAD to Atlanta, Georgia (ATL) from where the rest of the travel plan from ATL to AMS; and from AMS to LOS were to continue according to Plaintiffs' initial itinerary.

16. When Plaintiffs approached for boarding, they were notified at the boarding gate that the flight crew had not arrived. After more than three (3) hours, Defendant, Delta Airline announced that the crew had arrived, and that boarding would begin. As Plaintiffs approached for boarding the second time, they were informed that the aircraft had a mechanical fault. About three hours later, Defendant, Delta Airline announced that a replacement aircraft was available. When Plaintiffs approached for boarding the third time, they were informed that the flight crew had "timed out" and could not embark on the journey. Consequently, Delta Airline canceled the flight. Plaintiffs' subsequent attempts to travel were unsuccessful. Plaintiffs were later informed by Delta Airline that subsequent flights were fully booked until December 27, 2022.

17. On December 27, 2022, Plaintiffs were offered a travel plan that would split the family into two groups. According to the plan, one group would travel on December 27, 2022, while the other would travel on December 28, 2022, using a different route. This travel plan was rejected by Plaintiffs due to family separation. Consequently, Plaintiffs requested a refund of the amount paid for their tickets, which Defendants denied.

18. Plaintiffs then sought to retrieve their suitcases from Defendants. Defendant, Delta Airline could not determine the location of the suitcases and instructed Plaintiffs to return the next day for the suitcases. The next day, Defendants failed to produce Plaintiffs' suitcases. For another seven days, Defendants were unable to determine the location of the suitcases.

19. Defendant, Delta Airline, then directed Plaintiffs to contact its Houston Texas office for their suitcases.

20. As a result, Plaintiffs purchased another flight ticket to return to Houston Texas.

21. Plaintiffs went to Delta Airlines Houston office to retrieve their suitcases as directed. After two unsuccessful attempts, Plaintiffs were redirected to KLM Airlines for their suitcases.

22. At KLM Airlines, Plaintiffs were informed that their suitcases were in Lagos, Nigeria. Plaintiffs were then advised to return on a later date to retrieve their suitcases.

23. After several unsuccessful visits, KLM eventually recovered ten of the twelve suitcases. The other two were never recovered. Of the ten recovered suitcases, three were damaged.

## V. **NEGLIGENCE**

24. Plaintiffs incorporate by reference the factual allegations contained in Paragraphs 14 – 23 above.

25. Defendants, Skywest, Delta and KLM, are covered carriers, operating to, from, or within the United States, conducting scheduled passenger services within the meaning of 14 CFR

260.

26. At all times relevant herein, Defendants, Skywest Airlines Inc. d/b/a Delta Connections, KLM Airlines d/b/a Delta Air Lines, and Delta Air Lines, are licensed by the United States Department of Transportation's Federal Aviation Administration (FAA), to operate as commercial air carriers, and to conduct business in commercial air transportation in a manner that complies with all applicable regulations.

27. Defendants, Skywest Airlines Inc. d/b/a Delta Connections, KLM Airlines d/b/a Delta Air Lines, and Delta Air Lines, provides commercial air transportation services to the public, and specifically agreed to provide such services to Plaintiffs under the terms of the tickets they sold to Plaintiffs through their ticketing agent, Defendant, ITN Corp. Defendants, Skywest and Delta, confirmed the tickets and travel arrangements issued by Defendant, ITN.

28. Plaintiffs were denied boarding on several occasions by Defendants due to oversales, and Defendants failed to offer an alternate transportation that is planned to arrive at Plaintiffs destination or next stopover not later than one hour after the planned arrival time of Plaintiffs original flight.

29. Defendants failed to disclose to Plaintiffs as required by 14 CFR 260.7, that they are entitled to a refund when they offered to split the family into two groups.

30. Defendants failed to promptly refund Plaintiffs within seven business days after a refund was requested for air travel services that Plaintiffs paid for but were not provided through no fault of theirs in contravention of 14 CFR part 260.4.

31. Defendants failed to compensate Plaintiffs for the significantly delayed or changed flights.

32. Plaintiffs are entitled to compensation for the significant delays occasioned by Defendants

Complaint – Jury Trial Demanded

in retrieving their suitcases, and for their lost and damaged suitcases, under 14 CFR 260.5, Article 22 of the Montreal Convention (as adjusted for inflation by the Department of Transportation, Fed. Reg. Vol. 85, No. 12/Friday, January 17, 2020.

33. Defendants failed to handle Plaintiffs with fairness as required by 14 CFR part 250 when Defendants could not board Plaintiffs.

34. Defendants failed to make reasonable efforts to return Plaintiffs suitcases as required by 14 CFR 260.5, and to compensate Plaintiffs for damaged and lost suitcases.

35. Defendants failed to promptly notify Plaintiffs of known delays in violation of 14 CFR 259.8.

## VI. CLAIMS FOR REFLIEF

**Count 1: Breach of Contract**

36. Plaintiffs are entitled to a full refund of the sum of $9,658.00, the amount paid as airfare to Defendants.

37. Plaintiffs are entitled to at least 400% of their fare or $1,550 each, for involuntary boarding denial by Defendants and for failure to offer Plaintiffs an alternate transportation that would arrive at the airport of Plaintiffs destination or first stopover less than 4 hours after their planned arrival time.

38. Plaintiffs are entitled to at least $3,800 for each of the two suitcases that were lost and for each of the three suitcases that were damaged, in accordance with the current regulations on the liability limit of United States carriers for mishandled suitcases. 14 C.F.R. 254.4.

39. Plaintiffs are entitled to punitive damages against Defendants for unfair and deceptive practices, and unfair method of compensation in violation of 49 U.S.C. §41712.

**Count 2: Deceptive Trade Practices Act (DTPA)**

40. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

41. Defendants engaged in false, misleading, or deceptive acts or practices in violation of the DTPA by failing to refund Plaintiffs their airfares, compensate them for flight delays, compensate them for lost and damaged suitcases, and for misrepresenting to them the status of their claims.

42. As a result of Defendants violations of DTPA, Plaintiffs have suffered actual damages, including financial losses and emotional distress.

## VII.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing in this case, judgment be entered for Plaintiffs against Defendants as follows:

1. Award damages in the amount of $97,474.00

    a.  For lost suitcases: 3,400.00

    b.  For damaged suitcases: $5,100.00

    c.  The cost of their airline tickets: $9,658.00

    d.  Delay in carriage exceeding 6 hours: 19,316.00

    e.  Incidental expenses of food, accommodation and transportation: $15,000.00

    f.  Attorney's fees: $45,000.00

2. Award treble damages for DTPA violations pursuant to Texas law.

3. Award treble attorney's fees and costs of bringing the suit.

4.  Award prejudgment and post judgment interests at the maximum rate allowed by law

5. Grant any further relief that the court deems just and proper, to which the Plaintiffs may be entitled at law or in equity.

## VIII.    DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues that are so triable.

Respectfully submitted,

NNABUGWU LAW FIRM, PLLC
11011 Richmond Avenue. Ste. 880
Houston, TX 77042
Tel: 281. 501. 1512
Fax: 281. 758. 8977

By: /s/*Henry Nnabugwu*
Henry C. Nnabugwu
State Bar No. 24102285
Email: info@nnabugwulawfirm.com
**ATTORNEYS FOR PLAINTIFFS**